## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FERRA AUTOMOTIVE SERVICES, INC.,    )
    )
        Plaintiff,    )
    )
      v.    )   2:19-cv-01533-RJC
    )
B&T EXPRESS, INC., JOY GLOBAL    )
CONVEYORS, INC., and TRAFICANTI    )
TRUCKING, LLC.    )
    )
        Defendants.    )

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge.

Before the Court is a Motion to Dismiss (ECF No. 39) filed on behalf of Plaintiff Ferra

Automotive Service, Inc. ("Ferra") in which it argues the counterclaims to the First Amended

Complaint ("FAC") filed by Defendants B&T Express, Inc. ("B&T"),  A.T.T. Trucking LLC

("ATT"), Traficanti Trucking , LLC ("Traficanti"), OMCO ENTERPRISES, LLC ("OMCO")

and Joy Global Conveyors, Inc. ("Joy") (collectively, "Defendants") should be dismissed.  For

the reasons stated herein, the motion will be granted in part and denied in part.

## I.  Procedural History and Factual Allegations

On November 27, 2019, Defendants removed this action from the Court of Common

Pleas of Allegheny County.  (ECF No. 1).  On December 10, 2019, Defendants filed an answer

to the Complaint and Counterclaim.  (ECF No. 6). On June 26, 2020, Plaintiff filed the FAC,

adding ATT and OMCO as parties.  (ECF No. 33). On July 10, 2020, Defendants filed their

Answer, Affirmative Defenses, and Counterclaim.  (ECF No. 36).  On July 17, 2020, Ferra filed

the now-pending motion to dismiss with brief in support.   (ECF Nos. 39, 40).  Defendants filed a

brief in opposition (ECF No. 44) to which Ferra has filed a reply. (ECF No. 45). The matter is now ripe for consideration.

The allegations in the FAC are as follows. This action arises out of an accident on December 6, 2017, along Route 28 southbound, near Fox Chapel/O'Hara Township, Pennsylvania, when a tractor trailer collided with the rear end of a passenger vehicle, killing the the operator of the passenger vehicle.[1] (FAC at ¶ 21). Ferra is engaged in the towing, recovery, removal, damage clean up, and storage industry in Allegheny County, Pennsylvania. (FAC at ¶ 8). Plaintiff alleges that B&T and/or ATT were the registered owner of the tractor. (FAC at ¶ 9). Arther T. Wells, an employee of B&T, operated the tractor and trailer on the date of the accident. (FAC at ¶ 15). B&T, Traficanti and/or OMCO were the owner of the trailer (FAC at ¶ 10). Joy Global owned the loaded metal shafts, rods and bars on the trailer. (FAC at ¶ 20). ATT, B&T, Traficanti and OMCO owned and maintained care, custody and control of the tractor and trailer pursuant to law and a master transportation service agreement and/or contract of carriage with Joy Global. (FAC at ¶12).

After the collision, officials of the Pennsylvania State Police notified Ferra about the accident and directed Ferra to go to the location to address the emergency hazardous situation. (FAC at ¶ 21). Under the oversight and direction of the Pennsylvania State Police, Ferra employees cleared the scene, removed the vehicles and debris, removed the tractor, trailer and cargo for storage at its facility, and awaited direction regarding their disposition. (FAC at ¶ 23). Ferra was advised by the Pennsylvania State Police that the tractor, trailer, and cargo had been impounded and that Ferra should retain possession thereof, pending further investigation of the

---

[1] The lawsuit brought by decedent's estate against the driver and other entities is currently pending before the undersigned. *See Wilkoski v. B&T Express, et al.*, C.A. 18-1359.

event by the Pennsylvania State Police and others.  (FAC at ¶ 24). Criminal charges were brought against the driver.

Nearly a year and half passed.  Ferra was notified on May 17, 2019 it was authorized to release the vehicle and cargo from the impoundment directive earlier ordered by the Pennsylvania State Police and the District Attorney of Allegheny County.   (FAC at ¶ 27). Ferra had determined that Traficanti had an ownership interest in the trailer (and it was later asserted by OMCO that OMCO has claimed an ownership interest in the trailer) and that the cargo was owned by Joy Global.  (FAC at ¶ 28). Ferra notified Defendants Traficanti and Joy Global of the balance due for the towing, recovery removal, cleanup, and storage due to Ferra as payment for the services it provided. (FAC at ¶ 28).  Ferra has yet to be paid and seeks compensation, listing eighteen counts in its FAC.  As of October 24, 2019, Ferra is owed the sum of $182,725 for the towing, recovery, removal, and cleanup of the accident scene and storage with interest thereon at the rate of six percent from December 6, 2017 together with additional storage charges at a rate of $250 per day from and after October 24, 2019.  (FAC  ¶ 31).

Defendants have filed a five-count counterclaim (ECF No. 36 at 18-24) (hereinafter, "Counterclaim).  The allegations in the counterclaim are as follows.  Over the several months after the accident, B&T Express made inquiries to appropriate government entities to retrieve the tractor and trailer, as well as the load. B&T Express repeatedly was told that it was not permitted to retrieve the tractor, trailer, or load because local law enforcement was conducting an investigation into the accident.  (Counterclaim at ¶10).  As described in the Complaint, upon notice from the authorities, Ferra contacted B&T Express about taking possession of the tractor, trailer, and load, and also presented an invoice of charges. According to the invoice, B&T Express owed $154,475.00, which consisted of $10,975 for charges related to activity at the

accident scene; and $143,500.00 for storage costs. The invoice purported to charge B&T Express $250 per day for "storage inside." B&T Express avers it never requested that the tractor or trailer be stored inside, nor did Ferra ever contact B&T Express and about how the tractor and trailer would be stored. Upon information and belief, Defendants allege Ferra did not, in fact, store the tractor and trailer inside. They allege the invoice was false, and the amount claimed to be owed was inaccurate. (Counterclaim ¶¶ 12, 15).   Defendants allege they had no say in where and how the tractor and trailer were stored, nor when local law enforcement permitted the tractor and trailer to be released. Defendants did not want the tractor and trailer stored at all, let alone for a period of more than 18 months until local law enforcement released them. There was no benefit being conferred upon B&T Express or Traficanti Trucking by having the tractor and trailer stored. Rather, B&T Express and Traficanti Trucking suffered a detriment in being deprived of the tractor and trailer during this time.  Joy Global similarly alleges it received no benefit from having its load stored, and it suffered a detriment in being deprived of its load during that time. (Counterclaim at ¶ 13).

Defendants B&T, ATT, Traficanti and Joy Global have filed a five-count counterclaim, as follows.  (ECF No. 36 at 25-31).  At Count I, they request an entry of declaratory judgment that at most they are only obligated to compensate Ferra for fair and reasonable charges related to the cleanup and towing services but not for the storage of the tractor, trailer and load.  At Count II, they allege violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  At Count III, B&T alleges fraudulent misrepresentation through the invoice and other statements and actions regarding the nature, amount, and value of the services Ferra provided, upon which B&T justifiably relied to its detriment.  At Count IV, B&T

alleges negligent misrepresentation.  At Count V, B&T, ATT, and Traficanti allege breach of good faith and fair dealing.

Plaintiff has moved to dismiss all five counts of the counterclaim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), as well as Fed. R. Civ. P. 7, 8, 9, and 15.

## II.  Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp*., 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted)

While a District Court is generally limited to a plaintiff's complaint in assessing a motion to dismiss, when a document is "integral to or explicitly relied upon in the complaint [, it] may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted).

## III.  Discussion

### A.  Count I:  Declaratory Judgment

In Count I of the Counterclaim Defendants request the Court resolve the validity of Ferra's claims and determine the amount owed by Counterclaim-Plaintiffs to Ferra.  Ferra moves to dismiss Count I of the counterclaim on the grounds that a civil action has already been

commenced against defendants and they are not faced with looming uncertainty as to their obligation to make payment, hence a declaratory judgment is improper. Plaintiff further seeks dismissal of the claim for attorneys' fees.

The Counterclaim for declaratory judgment reads, in part, "Counterclaim-Plaintiffs request that this Court resolve the validity of Ferra's claims and determine that Counterclaim-Plaintiffs did not owe Ferra more than $182,725.00. Rather, Counterclaim-Plaintiffs request that this Court determine that Ferra only is entitled to be paid a reasonable amount for its activities at the accident scene and towing services." (Counterclaim at ¶22). Defendants correctly note that the cases cited by Ferra, wherein dismissal of declaratory judgment actions was warranted, generally address the issue of forum shopping, which is not the procedural posture or circumstance of this case. As stated in *PHL Variable Ins. Co. v. Helene Small Ins. Trust*, 2012 WL 5382905 (D. Del. Nov. 1, 2012), the Court should exercise restraint in dismissing counterclaims on this basis of duplication:

> Considering the difficulty in determining whether a declaratory judgment counterclaim is in fact redundant prior to trial, however, authorities suggest that a court should dismiss such counterclaims only when there is no doubt that they will be rendered moot by adjudication of the main action.

*Id.*, citing *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F.Supp.2d 562, 566 (D. Del. 2009). Here, a fair reading of the Complaint, and the allegations in the Counterclaim, leads to the conclusion that the dismissal of Defendants' declaratory action counterclaim is inappropriate at this point. This proposed counterclaim, raised in the same action, seeking clarification over past obligations between the parties and the ongoing issue of what amounts

continue to accrue, may proceed as Defendants face looming uncertainty as to their obligation to make payments.    Accordingly, Count I of the Counterclaim will not be dismissed.[2]

**B. Count II:   UTPCPL**

Plaintiff argues that Count II fails to state a claim upon which relief can be granted because the UTPCPL does not apply to a transaction between two commercial entities, but rather to consumer transactions only, citing 73 P.S. 201-9.2.  Plaintiff further argues that it was authorized and directed to store the vehicles and cargo while impounded for investigation, and therefore, is immune under the provisions of 73 Pa. C.S. 1975(b) & (c).  Plaintiff further argues that Defendants have not suffered an ascertainable loss as required under the UTPCPL, and legal costs do not constitute an ascertainable loss under the UTPCPL.

In order to maintain a private right of action under the UTPCPL, a plaintiff must demonstrate that he or she:  1) purchased or leased goods or services ***primarily for a personal, family, or household purpose***; 2) suffered an ascertainable loss of money or property; and 3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the UTPCPL. 73 P.S. § 201-9.2(a) (emphasis added). The plaintiff must offer evidence of one of the statutorily delineated "unfair methods of competition" found at 73 P.S. § 201-2(4), or evidence which fits the "catch-all provision" found at 73 P.S. § 201-2(4)(xxi). *Baynes v. George E. Mason Funeral Home, Inc.*, No. 09-cv-153, 2011 WL 2181469, *4 (W.D. Pa. June 2, 2011).

Pennsylvania courts and the United States Court of Appeals for the  Third Circuit have held that parties who made the relevant purchase or lease for business or commercial purposes

---

[2] Counterclaim-Plaintiffs further request this Court award them attorneys' fees, interests and costs at Count II. (Counterclaim at ¶ 23), and Ferra seeks to dismiss a claim for attorneys' fees at Count II.  Defendants have not directly addressed this issue, and we defer ruling on this issue at this time, pending a decision on the merits.

may not assert a UTPCPL claim. *New Legion Co., Inc. v. Thandi*, No. 18-cv-778, 2018 WL 2121523, at \*5 (E.D. Pa. May 8, 2018) (citing *Balderston v. Medtronic Sofamor Danek, Inc*., 285 F.3d 238, 242 (3d Cir. 2002) (doctor could not assert UTPCPL deceptive marketing claim for bone screws he had bought for his professional practice); *Trackers Raceway, Inc. v. Comstock Agency, Inc.*, 583 A.2d 1193, 1197 (Pa. Super. Ct. 1990) (plaintiff failed to state UTPCPL claim where it purchased an insurance policy "for commercial purposes only")).

Defendants have not alleged any facts which could plausibly state a claim that it has purchased or leased goods or services "primarily for personal, family or household use."   Nor have they cited any case law which runs contrary to the position that the UTPCPL does not apply to a transaction between two commercial entities, but rather to consumer transactions only.

 In accordance with the relevant case law interpreting similar situations, Count II of the Counterclaim is dismissed for failure to state a claim.  Therefore, the court will not address any of Ferra's remaining arguments in support of the dismissal of said claim.

**C.  Counts III and IV:  Negligent Misrepresentation and Fraud (on behalf of B&T Express only)**

Ferra argues Counts III and IV of the counterclaim brought by B&T Express should be dismissed on several grounds, including, *inter alia*, Federal Rule of Civil Procedure 12(b)(6) and Rule 9.

Under Pennsylvania law, a common law negligent misrepresentation claim has four elements: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation."

*Smith v. Lincoln Ben. Life Co*., 395 Fed. Appx. 821, 824 (3d Cir.2010), *citing Bilt–Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 866 A.2d 270, 277 (2005).

The elements of a common law fraud claim (intentional misrepresentation claim) in Pennsylvania are (1) a misrepresentation, (2) material to a transaction, (3) made falsely, (4) intending to mislead another to rely on it, (5) so justifiable reliance resulted, and (6) reliance proximately caused injury. *Kyko Glob., Inc. v. Prithvi Info. Sols. Ltd*., 2020 WL 1159439, at *22 (W.D. Pa. Mar. 10, 2020) (citing *Santana Prods. Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005)).

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This pleadings standard applies to Plaintiff's fraudulent misrepresentation and negligent misrepresentation claims. *See Travelers Indem. Co. v. Cephalon, Inc.*, 620 Fed. Appx. 82, 85 n. 3 (3d Cir.2015) (nonprecedential) (explaining that where a plaintiff's negligent misrepresentation claim "alleg[es] fraudulent activity," it too "must be pled with sufficient particularity under Rule 9(b)"); *Petruska v. Gannon Univ.,* 462 F.3d 294, 310 (3d Cir.2006) (explaining that a state law fraudulent misrepresentation claim must be pled with particularity under Rule 9(b)).

To satisfy Rule 9(b)'s pleading requirements, a plaintiff must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). "The purpose of Rule 9(b) is to provide a defendant with notice of the precise misconduct with which he or she is charged and to prevent false or unsubstantiated charges." *Schmidt v. Ford Motor Co*., 972 F.Supp.2d 712, 720 (E.D. Pa.2013) (quoting *Cooper v. Broadspire Servs., Inc*., No. 04–5289, 2005 WL 1712390, at *5 (E.D. Pa. July 20, 2005)); *see also Travelers*, 620 Fed.

Appx. at 85–86 (explaining that Rule 9(b)'s particularity is required "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior").

Ferra notes that these counterclaims allege B&T "made inquiries *of government entities* to retrieve the tractor and trailer, as well as the load. B&T was told that it was not permitted to retrieve the tractor, trailer, or load because local law enforcement was conducting an investigation into the accident."  (ECF No. 36 at 24) (emphasis added).  Plaintiff argues: 1) there is no allegation B&T spoke with representatives *of Ferra* or complained about the charges until shortly before the complaint was filed; 2) in the absence of any payment or tender of payment there is no claim; and 3) a dispute over an unpaid bill does not constitute fraud.  Defendant B&T has alleged in its counterclaims that there in a false statement on the invoice (attached to the FAC) as to where the tractor, trailer and cargo were in fact stored.  The invoice states charges were incurred for "storage inside" at a rate of $250 per day, for 365 days, for a total of $91,250.00. (ECF No. 33-1).  Defendants have alleged that "[t]hrough the invoice . . . and other statements and actions, Ferra made representations  regarding the nature, amount and value of the services it provided, those representations were false and known by Ferra to be false at the time they were made, and were made by Ferra with the intent that the misrepresentations would be relied upon by B&T Express."  (Counterclaim ¶¶ 33, 36).  B&T alleges *"[u]pon information and belief,* Ferra did not, in fact, store the tractor and trailer inside. The invoice was false, and the amount claimed to be owed was inaccurate."  (Counterclaim ¶ 13) (emphasis added).

B&T has failed to inject precision or some measure of substantiation into these fraud allegations.  It simply alleges "[t]hrough the invoice . . . and other statements and actions, Ferra made representations regarding the nature, amount and value of the services it provided…" We

find that under the heightened pleading standard for actions sounding in fraud,  B&T has failed

to provide notice of any precise misconduct, and accordingly, the motion to dismiss Counts III

and IV will be granted.[3]  In addition, under the standard enunciated in *Twombly/Iqbal*, B&T has

failed to state a claim as to these counts because  it simply alleges a formulaic recitation of the

elements of its causes of action.  Factual allegations must be enough to raise a right to relief

above the speculative level and sufficient to state a claim for relief that is plausible on its face.

B&T states "upon information and belief" and based upon "other statements and actions" Ferra

did not in fact store the tractor and trailer inside.   B&T has failed to allege any justifiable

reliance, and no damages have been suffered, as no payment of the claim has been made. These

allegations fail to state a claim and border on the spurious.

  Accordingly, the motion to dismiss will be granted with respect to Counts III and IV.

### D. Count V:  Good Faith and Fair Dealing (B&T, ATT and Traficanti)

  Next, Plaintiff argues that the counterclaim for breach of good faith and fair dealing

should be dismissed.  Defendants alleges:

> Ferra has breached its duty of good faith and fair dealing by misrepresenting the
> nature, amount, and value of the services it has allegedly provided to B&T
> Express, ATT Trucking, and Traficanti Trucking, and Ferra further has
> wrongfully demanded to be compensated based upon those misrepresentations
> and has refused to release the tractor, trailer, and load until such time as B&T
> Express, ATT Trucking, and Traficanti Trucking pay Ferra the full amount that
> Ferra improperly claims to be owed.

(Counterclaim ¶ 42).

  Ferra argues that absent a counterclaim for breach of contract, Defendants cannot proceed

with an additional cause of action for breach of good faith and fair dealing. "In order to plead a

cause of action for breach of the covenant of good faith, whether it is an express or implied

---

[3] Accordingly, we need not address the argument that the counterclaims are precluded by the gist of the action doctrine or the economic loss doctrine.

covenant, a plaintiff must properly plead the elements of a claim of breach of contract." *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co*., 645 F. Supp. 2d 354, 369 (E.D. Pa. 2009). "Notably, a claim for breach of a covenant of good faith and fair dealing may not be maintained as an independent cause of action separate from the breach of contract claim." *Id.* (citation omitted). A breach of the covenant of good faith and fair dealing merges with a breach-of-contract claim. *Tubman v. USAA Cas. Ins. Co.,* 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013) (collecting cases).

Defendants have not pleaded a counterclaim for breach of contract, and, indeed, when the Counterclaim is read in its entirety, it is clear Defendants allege there was no contract between themselves and Ferra. However, Ferra has alleged it is a third-party beneficiary and thus a contractual relationship exists between it and B&T/Traficanti.  The Counterclaim alleges that Ferra breached its duty by misrepresenting the nature, amount, and value of services it has provided to Defendants.  The motion to dismiss will be denied as to Count V.

### E.  Lack of Capacity to Sue

Plaintiff argues that because BTE and Joy Global are not registered under the Pennsylvania Association code, they may not maintain an action or proceeding in Pennsylvania, citing 15 Pa. C.S. 411(b).   The statute provides:

> (a) Registration required.--Except as provided in section 401 (relating to application of chapter) or subsection (g), a foreign filing association or foreign limited liability partnership may not do business in this Commonwealth until it registers with the department under this chapter.

> (b) Penalty for failure to register.--A foreign filing association or foreign limited liability partnership doing business in this Commonwealth may not maintain an action or proceeding in this Commonwealth unless it is registered to do business under this chapter.

The Committee Comment to 15 Pa. C.S. § 411 provides that "Subsection (b) does not prevent a foreign association that has failed to register from 'defending' an action or proceeding. . . . A nonregistered foreign association may interpose any defense or permissive or mandatory counterclaim to defeat a claimed recovery, but may not obtain an affirmative judgment based on the counterclaim unless it has registered.  Accordingly, the Motion to dismiss on these grounds is denied.

### F.  Motion to Strike / Motion for More Definite Statement

Ferra also has moved to strike two of the affirmative defenses pleaded by defendants in their Answer to Ferra's Complaint.  Fed. R. Civ. P. 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The first affirmative defense Ferra challenges is failure to join an indispensable party. (Counterclaim at ¶ 14).  The second is the defense that Defendants may rely upon such other affirmative defenses as may become available or apparent during the course of discovery. At this stage of the litigation, it does not appear that the motion to strike has merit. The granting of such a motion is rare, as noted in the case cited by the Defendants, *Wilson v. Am. Gen. Fin., Inc*., 807 F.Supp.2d 291, 305 (W.D. Pa. 2011).  Moreover, contrary to Ferra's argument, the heightened *Twombly/Iqbal* standard is not applicable to the pleading of affirmative defenses under Rule 8(c) which simply requires that party responding to a pleading must "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c); *Newborn Bros. Co., Inc. v. Albion Engineering Co*., 299 F.R.D. 90, 97 (D. N.J. 2014).  Accordingly, Ferra's motion to strike is denied.

Ferra has also included in its Motion to Dismiss a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e), which often serves as a corollary to pleading

standards under Rule 8(a). Rule 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction[;] ... the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought, which may include ... different types of relief." Fed. R. Civ. Pro. 8(a). Where the complaint is lacking in this regard:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

12 Fed. R. Civ. Pro. 12(e).   A motion for a more definite statement is not a substitute for the discovery process, and such motions are not favored. *Dolbin v. Tony's LLC*, No. 3:19-CV-1662, 2020 WL 5505664, at *11–12 (M.D. Pa. Aug. 13, 2020), report and recommendation adopted, No. 3:19-CV-1662, 2020 WL 5506433 (M.D. Pa. Sept. 11, 2020) (citing *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987). They are typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Id.* Here, the Counterclaim is not unintelligible or ambiguous so as to preclude Ferra from filing a response, and accordingly, the motion for a more definite statement is denied.

### G. Leave to Amend

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It would be futile and inequitable to allow Defendants to amend the claims which have been dismissed, having been afforded an opportunity to Amend

their Answer, Affirmative Defenses and Counterclaim on a prior occasion.  Therefore, leave to amend will not be granted

## IV.  Conclusion

For the forgoing reasons, the Motion to Dismiss is granted as to Counts II, III, and IV, but denied as to Counts I and V.  The motions to strike and for a more definite statement are denied.

An appropriate Order of Court will follow.

Date: November 7, 2020                                    /s/ *Robert J. Colville*
                                                          Robert J. Colville
                                                          United States District Judge

cc/ecf: All counsel of record